MICHAEL D. WHITELEY, #34073
ISCI U-11-C-60-A
PO BOX 14
Boise, ID.          83707

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

MICHAEL D. WHITELEY, )
    Plaintiff-Petitioner, )
v. )
JARED D. FUHRIMAN, FORMER )
IDAHO FALLS POLICE OFFICER, )
CITY OF IDAHO FALLS et.al. )
STATE OF IDAHO et.al. )
    Defendants(s)-Respondent(s) )
_____ )

New Case No._____

**EXPEDITED PETITION FOR REDRESS OF GRIVANCES AND SUPPORTING AFFIDAVIT**

COMES NOW, MICHAEL D. WHITELEY, Pro Se in above-entitled action pending before the Court, moves said Court for an instent Order of the Court granting: EXPEDITED PETITION FOR REDRESS OF GRIEVANCE, for just cause and reason's appearing herein. And w/in the providance of ID. Const. Art.13 & 18.

Said action is brough in good-faith for the purpose of correcting a terrible manifest-miscarriage injustice which occur'd 1/16/1991, where plaintiff-petitioner was illegally and wrongfully arrested, incarcerated on an offence he did not commit.

Said action is based on United States Constitutional Violation's of his Fourth, Fifth, Sixth, Fourteenth Amendments which has and is violating his Due Process of Law Rights.  Which is subjecting plaintiff-petitioner to an Eighth Amend., Violation of his right to be free of Cruel and Unusual Punishment.  Which he has suffered since his original arrest and incarceration 1/16/1991, in the City Of Idaho Falls, County of Bonneville, in Idaho.

Said action is brought for the purpose of showing by the Police Report's, Offical Court records, transcript's, court order etc.  That on the 16th day of January, 1991,

EXPEDITED PET. FOR REDRESS OF GRIEVANCES AND SUPPORTING AFFID.-1

that ID. Falls Police Officer <u>Jared D. Fuhriman</u>, did infact illegally and w/out authority of law detain, conduct illegal search and seizure of then suspect and his property, i.e.,duffel bag, brief case, pillow and incarcerate (now) plaintiff-petitioner w/out any authority of law.

FACTS SHOW:

1   Civil Protection Order #.39833, on p.1, dated/time stamped by unk clerk "90 Nov -8 P3:24, alleged Cpo was issued. However on p.4, of it, reflects: "IT IS FURTHER ORDERED, that this **Order shall automatically terminate @ 11:59 p.m. on the 6th day of February, 1990.**

On p.5 of 5, reflects, issued, signed by L.Mark Riddoch, same date as by clerk, further showing, where "Re=cipt and service of copy of this Order is acknowledged", that **No Date's or Signature's** appear for either the **Petitioner or Respondent**, neither one.

2   Now Plaintiff contends as he has since 1991 Jan.,16th, that he was never served and had no actual knowledge of the existance of this alleged Cpo, he was detained, searched, arrested & incarcerated for (only) CPO on 1/16/1991, **no other charge, period.**

3   Further contending, the rules setforth in Idaho Code § 39-6309, 6310(2)(5), were violated in the 1991 arrest for alleged violation of said Cpo.  Further contending, that on 1/16/1991, (then) IFPD Officer J.D. Fuhriman, violated the statute-law setforth in I.C. § 39-6312(2), because a)  Then respondent Whiteley, had no notice of the order;  b)  It was never Served up on (then) Respondent;  c)  It was an Invalid, not in Effect Court Order at the time of then suspect Whiteley, being either/or detained, searched, arrested or incarcerated.

4   IFPD Officer J.D. Fuhriman, by his own sworn testimony his Prelim @ 1/31 & 2/1/1991 and pretrial 2/13/91 and trial 5/29-31st/1991, he testified to this and other matters as follows:

EXPEDITED PET. FOR REDRESS OF GRIEVANCES AND SUPPORTING AFFID.-2

INPART QUOTES FROM FUHRIMAN'S TESTIMONY:

Re: Duffel Bag: p.124.1.19-24,"When I came upon that, I was arresting Mr. Whiteley for Violation of Protection Order."

Re: Outstanding Warrents-Cpo: p.107.1.3-11,"So on my way to the call I verified with dispatch if there was still an outstanding protection order against him"...p.107.1.16-21, Q."That was the bases for your arrest of Mr. Whiteley when you took him down to the station was a "Violation Of The Civil Protection Order?" A."Yes, It was." p.108.1.2-5,"Q.At what Point in time did you advise Mr. Whiteley that he was in violation of the CPO?" A.**"There at the scene at Silvia's residence."**

Re: Arrest. p.109.1.15-23,A.**"Yes. I basically knew I would be arresting Mr. Whiteley when I saw him on the premises. I knew I was going to be arresting him before I got out of the car."**

Re: After Conversation with Silvia & Suspect: p.110.1.2-10, "..I went a head and placed Mr. Whiteley Under Arrest, advised him why, the Cpo violation."

Re: Could Fuhriman determine if Cpo still in Effect: p.116.1.2-19, Q."Do you recall the Date it had been issued?" A."I can't recall that either. Obviously it must not had been the right one because I still ended up **arresting him on the CPO Violation."**

Re: He couldn't have placed me down in jail. p.119.1.2-10, "But obviously the CPO was still in Effect, otherwise I couldn't have arrested him and placed him down in jail."

Re: What type of search: p.471.1.25..p.472.1.1-3,"I placed Mr. Whiteley under arrest for a violation of the Protection Order that was against him at the time."

[ARGUMENT TO THE ABOVE:]
   Clearly by Fuhriman's own sworn testimony, re: the CPO, if not "still in Effect, he could not have arrested or placed (then) suspect I, Whiteley down in the jail. Clearly evidence and the facts support (now) Plaintiff's position that the CPO was **not in Effect or Valid on the** 16th day of January 1991, hen IFPD Officer J.D. Fuhriman, detained, searched, arrested and jailed (then) suspect Whiteley. Which technically all were illegal and unlawful in violation of then suspect Whiteley's Due Process of law rights which are protected by the U.S. National Bill of Rights afforded to every American Citizen.
   In good-faith (attached) are referenced pages and court order in this matter for review.
   In essence, it would had been the same difference of had Fuhriman responded to Canido's residence w/out legal justification or cause, and not having a CPO to had detained, searched and arrested, jailed then suspect Whiteley, w/out any legal justification or cause. Such arrest & incarceration under the circumstances would had been illegal-unlawful never the less.
   INSHORT IT WAS AS IF THERE WAS NO CPO IN THE FIRST PLACE!

   Plaintiff herein, declares that the **January 16th, 1991, him being detained, searched, questioned, arrested and incarceration was technically illegal unlawful.** Because Facts in evidence conclusively show. That the Civil Protection Order in question, was **not in effect or valid at the time of said arrest, incarceration by**

**IFPD Officer J.D. Fuhriman.**
   Further inspite of Fuhriman's assertions that he "had advised then suspect Whiteley, he was under arrest for second degree kidnap. If false, because he nor anyother officer's never advised the suspect of anyother charge than the alleged CPO violation. And at no time was suspect Whiteley, ever read his **miranda rights** on anyother charge than alleged Cpo violation. Plaintiff had no knowledge of anyother charge, period.
   Further it was not until **10th March, 2001,** only after I, Whiteley, had sent letter to former counsel Stevan H. Thompson, requesting his files, did I, Whiteley, ever actually have knowledge of the alleged 11/8/1991, Cpo or its existance, because it was in the box of partial documents rec'd by Plaintiff with other evidence not presented to the jury in 1991 trial for first degree kidnap, rape.

                          ON APPEAL Dkt #.19503

   State v. Whiteley @ 124 Idaho 261. Citeing portion from the (attached) decision on Review Jul. 9, 1993, inpart 2 portions quote:
   p.266;"The Fact that the CPO was <u>not produced into evidence</u> at the <u>suppression hearing</u> does not invalidate the <u>January 16, 1991 arrest</u>, as Whiteley implies. See in addition below:
   "  ";"A valid order remains in effect until the court takes action to dismiss it. I.C. § 39-6311(4).
   "  ";"WHITELEY COULD HAVE INTRODUCED THE NOVEMBER CPO WHICH, THEORETICALLY, MAY HAVE EXPIRED BY ITS OWN TERMS BEFORE THE ARREST."
   To the above the ID. Supreme Court, by its specific language painted a picture as to indicate it knew and even had the November 8, 1998, CPO #.39833, before it, but for whatever reason possibily because counsel Thompson, didn't present it correctly or brief it out. The ID. Supreme Court just did not act upon it period because there is no other logical reason for the specific language used in the 2 above quoted sections of attached decision. Making it apparent they knew more than they were willing to discuess. And had they in said Appeal or Review acted upon the Cpo, which facts in evidence clearly show had expired of its own "terms prior to the January 16, 1991, arrest & incarceration. It is certain that in 1993, they would have reversed the 1991 conviction's for first degree kidnap, rape. Because of the 1/16/1991, Unlawful-Illegal Arrest & Incarceration of I, Whiteley, on an Invalid CPO, which was not in Effect on date of Arrest. Further insupport of, now plaintiff is citeing portions from counsel,
   Thompson's S.H. May/June 1995 Deposition, inwhich he testified and admits, he "did not get or introduce the Civil Protection Order Court Files or Police Records from the Magistrate Court or enter them into evidence, see partial quotes to questions propounded by then counsel Radin J.L.,in Ca. #.SP-92-487 below:
Re: Him Introducing files into Evidence.   p.113.1.12-25 - p.114.1.1-3; "I THINK I HAVE ALREADY TESTIFIED TO THAT. NO,I DID NOT GET THE COURT FILES FROM THE MAGISTRATE COURT AND ALSO THE PROTECTION ORDERS."
   p.113.1.21-23,"I DIDN'T FEEL IT NECESSARY TO PRESENT THE TRANSCRIPTS OF THOSE HEARINGS OR OTHERWISE."
Re: Annulment Tape. p.114.1. Q."And did <u>You look at that file or listen to that tape</u>" A."NO, I DID NOT."

EXPEDITED PET. FOR REDRESS OF GRIEVANCES AND SUPPORTING AFFID.-4

Re: Thompson looking at files. p.119.1.6-10, Q."Did <u>You look at the two files Yourself</u> the <u>two CPO Files, Visually?</u>" A.<u>"I DID NOT LOOK AT THE COURT FILES, NO."</u>
   Q."Did You have <u>anybody</u> else on your staff, your <u>private investigator, look at the files?</u>." A."I DON'T RECALL THAT, NO," I JUST HAD COPIES OF THE ORDERS THAT WERE PRESENTED." Note, that last statement is contradictory, to what Thompson testified to on p.113.1.12-16, he lied under oath in this issue.   p.149.1.3-6, A."I DIDN'T SUBMIT THE FILES." Thereafter Thompson goes on to make up alot of excuses for why he didn't do so.  p.149.1.22-24, Q."Because You already told Me you <u>never did look at the actual CPO files, is that right?</u>"  A."THAT'S CORRECT."

Note, Thompson made reference to p.149.1.6-8, re: "I THINK THE EXHABITS SUBMITTED DO SHOW CPO ORDERS BEING ADMITTED IN TO EVIDENCE." (Attached) is May 29-31st, 1991, Exhabit List in CR-91-98, and they do NOT refelect on the Defendant's or State's Exhabit list any CPO's, only request for Dismissal of 9/21-24/90 Cpo #39556. Therefore Thompson, lied re: this issue too.

Plaintiff in this matter, declares that because Prelim/Trial Counsel THOMPSON, S.H.,failed to get from Magistrate Court & IFPD, mis-Court Order's, CPO's, Transcript's of Annulment, Divorce etc.,Police Report's etc. Did Prejudice (then) Defendant Whiteley, therefore depriving him of his sixth amend.,right to his fair and impartial jury trial. Right to Effective Assistance of Counsel. Violative of his right to Due Process of Law, fifth, sixth, fourteenth amends U.S.C.A. Thompson by his own sworn testimony in deposition, reflects the fact he did not get the files from the magistrate court or police dept. Plaintiff believe's the same is reflected in Thompson's post testimony in Ca. #.SP-92-487, in 1996, hearing's.

ARGUMENT INSUPPORT
   In the instent action there is only one primary issue, being. The November 8, 1990, Civil Protection Order Ca. #.39833.    Facts in evidence conclusively shows-proves on 1/16/1991, date of this Plaintiff's Arrest & Incaceration for allegedly violating the CPO in question. That it was **not in effect or a valid Court order.** It had automatically **"terminated @ 11:59p.m. the 6th day of February, 1990, of its own terms.** Which consequently was **344 days prior to then suspects subsequant arrest & incarceration for only alleged Violation of said Cpo.** These facts in evidence are clearly supported by the sworn testimony of former IFPD Officer (now mayor) of Bonneville Co.,ID., Jared D. Fuhriman in (attached) transcript pgs referenced + pgs.122, 89, 90, 469, these reflecting where he was on JAN. 16, 1991, the night he arrested, jailed suspect Whiteley.
   Further it is beyond dispute, that on 1/16/1991 at the 1299 Cassia St.,residents of alleged victim S. Canido, that IFPD Officer J.D. FUHRIMAN, had no lawful or legal right to effect him detaining, questioning, searching or arresting or jailing then suspect Whiteley, because there was **Civil Protection Order in Effect or Valid on 1/16/1991,** the date he effected unlawfully-illegally said arrest & incarceration of Plaintiff Whiteley.
   Further Amend 4, of U.S.C.A.,does infact protect persons from "Unreasonable

EXPEDITED PET. FOR REDRESS OF GRIEVANCES AND SUPPORTING AFFID.-5

searchs and seizures" of them and their property. This right is guaranteed and protected by the national bill of american rights. This issue was raised on direct appeal too Dkt #.19503, in (attached) decision p.264[2-4] A. Evidence in the Duffel Bag. Based on the facts in evidence, showing that because the CPO in question was NOT in EFFECT or Valid either on 1/16/1991, night Fuhriman arrested, jailed the suspect, Whiteley. Therefore it is concluded based on the facts, evidence and information in the body of this below:

That IFPD Officer J.D. Fuhriman, without authority of law did infact conduct an **unlawful-illegal search and seizure of the suspect Whiteley and his property, i.e.,duffel bag, brief case & pillow, in violation of the "Fruit of the Poisenous Tree Doctrine,** And that Fuhriman, had no probable cause to had done so because there was no valid or effective warrent in place to had done so on night in question. Therefore said Court should find in favor of now Plaintiff. Ruling the 1/16/1991, search & seizure of suspect was both unlawful-illegal under the circumstances.

Further this Court under the circumstances should reconize the fact since the arrest, incarceration of the suspect was based on an invalid court order that clearly was not in effect on the night in question 1/16/1991, for allegedly violating the CPO in question. Since that fact is well established beyond all reasonable dispute.

This Court should either Vacate or Reverse now Plaintiff's 1991 unlawful-illegal conviction's for first degree kidnap, rape of S.C.,because there was no court order or warrent inplace 1/16/1991, inwhich would had authorized Fuhriman, to responded to Canido's residence in the first place. And he had no probable cause existing to been there in the first place or to had detained, questioned, searched or arrested, jailed suspect. Therefore, he clearly violated suspects rights to Amend 5, U.S.C.A. Due Process of Law. As did the District Court, State of ID.,by Prosecuting then defendant for first degree kidnap, rape of S.C.,he did not commit in first place. Therefore all violated defendants 5th, 6th, 14th Amend's to the U.S.C.A.,by convicting Plaintiff of such charges period.

Such facts in evidence being beyond reasonable dispute of a reasonable and prudent person, should either vacate or reverse now Pplaintiff's 1991 Conviction's on both Counts Ordering him released from prison immediately.

It is beyond reasonable dispute, by counsel THOMPSON S.H.,his sworn testimony in (attached) May/Jun.1995 Deposition, that clearly he did NOT do his job, was not effective counsel, because he did NOT by his own sworn testimony get "records from the magistrate court, police records" or did he present such records into evidence or suppression hearing either. This is clearly a Violation of Plaintiff's Amend 6, U.S.C.A.,protected rights to effective assistance of counsel, which then defendant was denied-deprived of, its not unreasonable to believe that THOMPSON, was not acting as Counsel, and that his performance fell below what is reasonable performance for counsel. Esp.,in a Capitial Case, where then defedant could had rec'd the Death Penality pursant to I.C. § 18-4501,, 4502, 4504(a), what he was charged with first degree kidnap for purpose of rape, he is not guilty of in first place.

Plaintiff's rights under ID. Const.,Art.1,7, 13, 18, are and have been clearly violated as those enumerated by the Federal Const.,too in this entire matter.

PLAINTIFF STATES: re: Cpo issue, it would have been the same difference of had FUHRIMAN 1/16/1991, cometo Canido's residence, allegding their was an outstanding CPO or Court Order inplace when there was NONE ever issued in first place. Had FUHRIMAN, he Detained, Searched suspect Whiteley, Questioned then Arrested & Jailed suspect WHITELEY, where the Court never issued a CPO or Court Order Period. It is the same exact circumstances of, where on 1/16/1991, FUHRIMAN, him claiming-asserting there was a CPO or Court Order inplace, when infact there was (NO VALID, NOT IN EFFECT) on the night in question. Therefore his Arrest, Jailing of

suspect Whiteley was still Unlawful-Illegal by Law. And IF Plaintiff wanted to get real technical in this matter against FUHRIMAN, said Plaintiff, can say that on 1/16/1991, that IFPD Officer J.D. FUHRIMAN, he did infact below:

<u>Kidnap in Violation of I.C. § 18-4501, 4502, I, Whiteley</u> with the intent to hold hostage against Plaintiff's will to deprive-deny now Plaintiff of his Personal <u>Life, Liberty-Freedom, Due Process Of Law, Property</u> said Plaintiff. Without Authority of Law, Fuhriman did this too Plaintiff 1/16/1991, under the forementioned circumstances.

Attached are citeings from IN RE WINSHIP No.788, Argued Jan. 20, 1970-Decided Mar. 30, 1970. Re: Due Process Of Law issues, still outstanding law today.

Note, not to clutter of the primary issue but for the record although not adjudicated per se. The fact IFPD Officer, Plaintiff can physically show-prove by similar-same transcripts, records etc. He commited twelve(12) or more Counts of Perjury, I.C. §18-5401-5412 plus two(2) counts of Admitted Forgery, after he lied about forging then suspects signature on suppliment statements. The purpose of this, would also be used to attack Fuhriman's Credibility and impeach his prior testimony too.

Further, it has been said for countless years in our countries judicial process quote: "IGNORENCE OF THE LAW IS NO EXCUESS." Plaintiff can only hope and pray that this Court will not accept as "Ignorence of the law" in this matter when it comes to former IFPD Officer Fuhriman, counsel Thompson or the State then or arguing now this matter against Plaintiff. Who himself, will not attempt to say he is or not "ignorent about the law" because he's not offically schooled in it either. But can honestly say as a layman, even Plaintiff knows that when such damaging facts and evidence is in or on the record, where it is clearly founded and supported by the record itself.

Nobody can come back and say, oh Plaintiff's claims are w/out merit or unfounded, why is this? Easy, because every claim made is supported by the offical court records, legal documentation period. The goverment can not honestly dispute what the offical court records, police reports show and prove, which are beyond dispute of the reasonable and prudent person.

In this matter, yes it was adjudicated in State v. Whiteley @ 124 ID.,todate it is unk exactly why the ID,. Supreme Court having made the statements it did re: the CPO as cited herein and why they didn't act on it infavor of then Petitioner Whiteley, it has the appearance of an issue they had, knew about but did not want to actually rule on it infavor of Petitioner. I'll not speculate as to why. However atleast four(4) times or more in years past to as recent as OCT. 16, 2007, in Ca. #.CR-91-0098, filed: "Motion To Vacate Convictions For Lack Of Jurisdiction,"and SEP.30,2008 @ 1:53Pm, the District Court, Judge D.B. Simpson, entered "Order Denying As Moot Defendant's same Motion." Again on SEP. 5, 2008, Ca. #.CR-91-0098, New #.CV-2008-5733, filed: "Motion To Vacate Conviction's And Supporting Affidavit, no decision or ruling on this, note believe's because Plaintiff filed his MOTION TO STAY all pending actions before the Dist. Court for purpose of decideing on MOTION FOR CHANGE OF VENUE AND SUPPORTING AFFID.,is why no action taken on this yet. As stated, Plaintiff has atleast four(4) times in years past todate filed all sorts of similar actions on this primary issue re: CPO, 11/8/1990. However in everysingle case, the State nor Court nor any former lawyer except Thompson & Radin. None will address or touch this primary issue, i'll not speculate on why, except to say. It seems reasonable to believe they are afraid too, knowing in 1990,91, they made an error so grave that IF they touched or addressed it, they'd have no other choice but to reverse or vacate 1991 conviction's for kidnap, rape Plaintiff is convicted of, and the issue is just to hot for them to handle is why Plaintiff believe's they just don't touch or address it period.

EXPEDITED PET. FOR REDRESS OF GRIEVANCES AND SUPPORTING AFFID.-7

In the following Petitioner is citeing sections from IN RE WINSHIP No.788. Argued January 20, 1970-Decided March 31, 1970.  Re: Due Process Of Law-U.S. Const.

P.378(I):'OUR CONSTITUTION PROVIDES THAT NO PERSON SHALL BE DEPRIVED OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW.' THE FOUR WORDS-'DUE PROCESS OF LAW'-HAVE BEEN THE CENTER OF SUBSTANTIAL LEGAL DEBATE OVER THE YEARS. See Chambers v. Florida, 309 U.S. 227, 235-236, and n.8 (1940). SOME MIGHT THINK THAT THE WORDS ARE VAGUE. BUT ANY POSSIBLE AMBIGUITY DISAPPEARS WHEN THE PHRASE IS VIEWED IN LIGHT OF THE HISTORY AND THE ACCEPTED MEANING OF THOSE WORDS PRIOR TO AND AT THE TIME OUR CONSTUTITION WAS WRITTEN.'

'DUE PROCESS OF LAW' WAS ORIGINALLY USED AS A SHORT HAND EXPRESSION FOR GOVERMENTAL PROCEEDINGS ACCORDING TO THE 'LAW OF THE LAND' AS IT EXISTED AT THE TIME OF THOSE PROCEEDINGS. BOTH PHRASES ARE DERIVED FROM THE LAWS OF ENGLAND AND HAVE TRADITIONALLY BEEN REGARDED AS MEANING THE SAME THING.'

P.379.(I):'LATER ENGLISH STATUTES REINFORCED AND CONFIRMED THESE BASIC FREEDOMS. IN 1350 A STATUTE DECLARED THAT 'IT IS CONTAINED IN THE GREAT CHARTER OF THE FRANCHISES OF ENGLAND, THAT NONE SHALL BE IMPRISONED NOR PUT OUT OF HIS FREEHOLD, NOR HIS FRANSCHISES NOR FREE CUSTOM, UNLESS IT BE BY THE LAW OF THE LAND...'FOUR YEARS LATER ANOTHER STATUTE PROVIDED "[t]hat NO MAN OF WHAT ESSTATE OR CONDITION THAT HE BE, SHALL BE PUT OUT OF LAND OR TENEMENT, NOR TAKEN NOR IMPRISONED, NOR DISINHERITED, NOR PUT TO DEATH, WITHOUT BEING BROUGH IN ANSWER BY DUE PROCESS OF LAW.' AND IN 1363 IT WAS PROVIDED ''THAT NO MAN BE TAKEN OR IMPRISONED, NOR PUT OUT OF HIS FREEHOLD, WITHOUT DUE PROCESS OF LAW.''

DRAWING ON THESE AND OTHER SOURCES, LORD COKE, IN 1642, CONCLUDED THAT ''DUE PROCESS OF LAW''WAS SYNONYMOUS WITH THE PHRASE ''BY THE LAW OF THE LAND.'' ONE OF THE EARLIEST CASES IN THE COURT INVOLVED THE INTERPRETATION OF DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT DECLARED THAT ''[t]he WORDS, ''DUE PROCESS OF LAW'' WERE UNDOUBTEDLY INTENDED TO CONVEY THE SAME MEANING AS THE WORDS ''BY THE LAW OF THE LAND' IN THE Magna Charta.'' Murray's Lassee v. Hoboken Land & Improv. Co.,18 How.272,276 (1856).

P.381:''IN THOSE WORDS IS FOUND THE KERNAL OF THE ""NATURAL LAW DUE PROCESS''NOTION BY WHICH THIS COURT FREES ITSELF FROM THE LIMITS OF A WRITTEN CONSTITUTION AND SETS ITSELF LOOSE TO DECLARE ANY LAW UNCONSTITUTIONAL THAT ''SHOCKS ITS CONSCIENCE,''DEPRIVES A PERSON OF ''FUNDAMENTAL FAIRNESS,'' OR VIOLATES THE PRINCIPALS ''IMPLICIT IN THE CONCEPT OF''...P.382:''ORDERED LIBERTY.''See Rochin v. California, 342 U.S. 165, 172 (1952); Palko v. Connecticut, 302 U.S. 319, 325 (1937).

## DISCUSSION:

In the above referenced issue of "Due Process Of Law" it is very clear that our founding fathers soul intent was to see" that no person shall not be deprived of his or her life, liberty, property without due process of law." As it is one of the many laws of the land in our country. And is a Federally protected guarantee to every american person right.

It is both a law we'll founded on the basic american principals of what our countries american judicial system and court's of justice were intented to follow and adhere to in every since of the word and it shall not be ingnored by the goverment at any level period by the goverment or judicial process.

That for the goverment or its agents thereof to ignore this fundamental right guaranteed american right and have convicted this Plaintiff-Petitioner without due process of law, is to have the goverment and its agents hereof in ID.,our U.S. of America, to just take every american word written and founded upon by our nations founding fathers and say that such person's as the Plaintiff and our founding fathers have no rights not even in america and their words are without truth or meaning in our countries judicial process. Further whoever comeup with nameing Court's as "Court's of Law" couldn't be more wrong, why?? Because technically they are suppose to be "COURTS OF JUSTICE" Justice being the core of our american justice-judicial system. Justice being the basic american principal of being treated fairly and impartically in our american system of justice itself.

Because its the "Law" inwhich "Court's" base their decisions on in each indavidual case be it criminal or civil in nature. So where its titled "Courts of Law" under the circumstances is fundamentally incorrect and wrong, there can be no "Justice" in "Courts of law" where such courts are guided by the law itself in their decision making process. Something to think about forsure.

Finally Plaintiff-Petitioner declares he was wrongfully-illegally arrested, tried and convicted without any "Due Process of Law" in 1991, in Ca. #.CR-91-0098. And this Court being partof the United States Court Justice-Judicial system itself should reconize this fundamental error and in the interest of justice being done. Expedited this matter in Plaintff-Petitioners indavidual case pending before said Court and correct it in an expedited manner to avoid further miscarriage of justice and injustice in his American life by restoring his "life, liberty, property to him in this action pending before the Court of Justice. And Reverse his Conviction's and order him be set

EXPEDTIED PET. FOR REDRESS OF GRIEVANCES AND SUPPORTING AFFID.-9      >>Free from Prison.

GROUNDS ENTITLING
PLAINTIFF TO REQUESTED RELIEF:

1   Because had the 11/8/1990, Cpo in question, been raised and presented at the suppression, prelim or trial in 1991, the jury been able to have seen, examined it. Seeing it had teriminated-expired of its own terms prior to the 1/16/1991, arrest for allegedly violating said CPO, as reconized by ID. supreme Court in attached decision.   And trial would have resulted in a different outcome as in an acquittal or not guilty verdict.

2   Because of the ID. Const.,Art.1.4, 1.7, 1.13, 1.18 and U.S.C.A.,Violation's esp.,Fifth, Sixth, Fourteenth violation's of Plaintiff's Rights in Due Process of Law.   Requires where the Plaintiff's Rights to Fundamental Fairness, Substantial Rights have been either Violated or Infringed and he was Convicted of Offence's alleged without Due Process of the Law.   The Law requires the Court to either enter its ruling in favor of Plaintiff as the moving party to either Vacate or Reverse his Conviction's Ordering either a New Trial or his release from custody as an American.

3   Where Plaintiff has been denied-deprived of Due Process Rights, convicted of offences without Due Process of Law denied-deprived of his Life, Liberty, Property w/out Due Process of Law.   The Law requires this Court to rule in favor of plaintiff for either New Trial, Vacating or Reversing of Convictions.

4   Where based on IFPD Officer J. D. Fuhriman, him unlawfully-illegally arresting, jailing then suspect without authority of law outside the color of law and without probable cause, his action's has caused Plaintiff to be wrongfully-illegally incarcerated w/out Due Process of Law since 1/16/1991, near 18 years now.

PRAYER FOR RELIEF:

a)   That the Court after reviewing the entire action pending before it, based on the facts and evidence.   Would enter ruling infavor of Plaintiff in accordance with ID. Const.,Art.1.18, and either Order Reversing or Vacating Of Conviction's w/out any further delay, denial, sale or bias.

b)   That the Court would Order from the bench, an immediate investigation into this matter by an independent private investigator or lawyer to come talk to Plaintiff in this matter for the purpose of an Evidentiary Hearing in Expedited manner to correct this terrible miscarriage of justice.

c)   If someform of relief granted-ordered, that the Court would order Plaintiff be OR released, so he can gather money, legal assistance in this matter for his own private defence.

d)   That the Court would order the State to handle this entire action in

Expedited-Emergency basis to avoid further miscarriage of justice occuring in Plaintiff's case and life esp.,years more of wrongful imprisonment for offences Plaintiff should not be imprisoned for under the circumstances.

DATED this 4th day of ~~NOV.~~ DEC.,2008.                    Plaintiff Pro Se

                                                              M.D. Whiteley

AFFIDAVIT IN SUPPORT:

State Of Idaho,)
               )ss:
County of Ada  )

MICHAEL D. WHITELEY, being first duly sworn upon his Oath, deposes and says:

1   I am the same indavidual whose title appears as Plaintiff in this action.

2   I am currently warehoused as a prisoner @ ISCI under direct care and custody of Warden JoAnn Smith, IDOC.

3   I Swear as an American Person on American soil, I am entitled by the First Amend. U.S.C.A.,entitled to bring this action as my, PETITION TO THE GOVERMENT FOR A REDRESS OF GRIEVANCES.  Further, under this Amendment, there is no Statute, Law, Court Rule State or Federal to my personal and legal knowledge that prohabits Plaintiff from bringing this action at anytime.

4   I am bringing this action in good-faith for the purpose of correcting a terrible miscarriage-manifest injustice that did occur the 16th January, 1991, in City of Idaho Falls, County of Bonneville, ID.,where former IFPD Officer Jared D. Fuhriman, did infact unlawfully & illegally detain, search, question, arrest, jail-incarcerate now Plaintiff without Authority Of Law, w/out a Warrent where there was no Valid or other Court Order in Effect, to had done so.  Further that the November 8, 1990, Civil Protection Order No.39833, did infact @ 11:59p.m. on the 6th day of February, 1990, terminate-expire as reconized by the ID. Supreme Court in (attached) decision @ 124 ID. p.266, of its own terms prior to the January 16, 1991,

EXPEDITED PET. FOR REDRESS OF GRIEVANCES AND SUPPORTING AFFID.-11

Arrest-Incarceration of (then) suspect Whiteley, M.D., for allegedly violating said CPO in question-issue herein.

5  I swear, I did not have any knowledge direct or otherwise of the existance of the CPO referenced above in #.(4) until rec'd it in a partial box of legal documents-files rec'd from former counsel Thompson S.H. Mar. 10, 2001 at ISCI. In this box, was Copy of said CPO in question-issue with other evidence not presented at trial by Counsel.

6  I swear all the facts, evidence and information contained in the body of this action is true and correct to the best of Plaintiff's legal and personal knowledge.

DATED this 4th day of Dec., 2008.

Respectfully
M.D. Whiteley, Pro Se

SUBSCRIBED AND SWORN TO BEFORE ME this 4th day of Dec, 2008.

Jerri M. Hinckley
Notary Public
State of Idaho

Notary Public for Idaho
Comm. Expires: 8/31/2011

CERT OF MAILING - SERVICE

I CERTIFY this ~~4th~~ *DEC.* day of ~~NOV.~~ 2008, I did mail via U.S. Mail @ ISCI true full and correct copies of (attached) EXPEDITED PETITION FOR REDRESS OF GRIEVANCES AND SUPPORTING AFFIDAVIT, was served upon the following partys:

Clerk Of The Court U.S. District,
District of Idaho
550 W. Fort St. MSC 039
Boise, ID.       83724                                        U.S.MAIL

Office of the Atty General
Po Box 83720
Boise, ID.       83720-0010                                   U.S.MAIL


M.D. Whiteley

CERT-I