ORIGINAL

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

MICHAEL D. WHITELEY )  Case No. 08-533-S-EJL
)
    Plaintiff-Petitioner, )
) BRIEF
v. )
)
Jared D. Fuhriman, Former )
Idaho Falls Police Officer, )
City of Idaho Falls et.al. )
State of Idaho et.al. )
)
    Defendant(s)-Respondent(s). )
)

U.S. COURTS

JUL 14 2009

Rcvd_____Filed_____Time_____
CAMERON S. BURKE
CLERK, DISTRICT OF IDAHO

BRIEF OF PLAINTIFF-PETITIONER

BRIEF IN SUPPORT OF EXPEDITED PETITION
FOR REDRESS OF GRIEVANCES AND
SUPPORTING AFFIDAVIT

MICHAEL D. WHITELEY, Pro Se       Jared D. Fuhriman, Former
Plaintiff – Petitioner      Idaho Falls Police
ISCI U 11 C 60 A      Officer, City of Idaho Falls,
Po Box 14      State Of Idaho, et.al.
Boise ID.    83707

## NATURE OF THE CASE

January 16, 1991, Plaintiff was arrested, jailed, charged by former ID. Falls Police Officer Jared D. Fuhriman, with (only) Violation of alleged Civil Protection Order Ca. #.39833, allegedly issue'd November 8, 1990, in Seventh Judicial District, Magistrate Division judge L. Mark Riddoch, Bonneville County, ID. At the time of arrest for this charge Fuhriman as the record's reflect from his pretrial and preliminary hearing to trial testimony shows by his sworn testimony. That was the only reason he placed Plaintiff under arrest.

In the instent matter pending before the Court the Civil Protection Order in question reflects on p.1 & 5, it was issue'd on November 8, 1990, which consequently is three-hundred and fourty-four(344) days before Plaintiff's arrest for allegedly violating said CPO. However on p.4, of the CPO, clearly reflects quote: "IT IS FURTHER THE ORDER OF THE COURT, THIS ORDER SHALL AUTOMATICALLY terminate at 11:59P.M., on the 6th day of February 1990. Which again was **344Days prior to Plaintiff's January 16, 1991, Arrest, Incarceration** for the alleged Violation of said CPO in question. Further on p.4, of said CPO reflects that it was **not signed or dated as Served on either Petitioner Silvia Canido or Respondent Michael Whiteley** in violation of I.C. § 39-6309, 39-6310(2)(5), which requires that Service must be made upon the Respondent. This was (not) done. Plaintiff contends, he had **no actual knowledge of the existence of said CPO until March 10, 2001.**

Plaintiff submits, that it wasn't until **March 10, 2001, @ ISCI,** ID. State Correctional Inst.,that Plaintiff even actually knew said CPO in question even actually existed, because it was this date Plaintiff up on an eailer letter to former trial counsel Steven H. Thompson, requesting Copies of all legal files. That Plaintiff did rec'd a partial box of mis-legal files from Thompson. In the box rec'd was copy of saif November 8, 1990, Civil Protection Order with mis-other evidence not presented at any hearing or trial period by counsel Thompson.

Petitioner contends that had the CPO in question been actually produced presented at the Suppression Hearing which it (wasn't) that his charge's would have been dismissed because at the time of his January 16, 1991, arrest-incarceration. The CPO was **not ineffect it was technically an invalid Court Order.** Therefore ID. Falls Police Officer at the time J.D. Fuhriman, he had **no lawful or legal grounds inwhich to had arrested, jailed or charged or detained, searched Plaintiff on Jan. 16, 1991.**

BRIEF-1

Further at the time of initinal arrest and questioning Plaintiff by IFPD Officer J.D. Fuhriman. Fuhriman, not only did he fail to advise Plaintiff of his Miranda Rights-Warning at the scene. He also failed to do so at the police station until approx 45minutes after he had already questioned Plaintiff. Then after advising Plaintiff, he was just being **arrested and questioned only regarding the Civil Protection Order**, nothing else. And Plaintiff at no time after his arrest and incarceration, was he ever advised he was under arrest or incarcerated for any other charge other than the CPO in question.

## THE HISTORY OF THE CASE

January 17, 1991, day after Plaintiff's arrest, incarceration for allegedly violting the CPO in question. Plaintiff was taken to initial Arraingment before Magistrate Judge Linda Cook. In that very brief hearing there was **no reference made whatsoever to the issue of the (CPO) period.** However a charge of **second degree kidnap, was the issue being arrainged on only.** Upon briefly talking to counsel Thompson, he just avoided the issue of the "CPO" totally passing the buck on to me. Asserting the second degree kidnap charge was the only charge on me, when there was (no kidnap) period.

January 31 & February 1, 1991, Preliminary Hearing held before Judge Linda Cook, approx half½ way thru it. The State wanted to include-amend the complaint to include a C-II, Rape amending C-I, to first degree kidnap I.C. § 18-4501, 4502 for the purpose of C-II, Rape I.C. § 18-6101, 6104. However at the time C-II, rape was an **uncharged act** period. But although the Prelim Hearing questions were propounded by the State to then Plaintiff S. Canido re; being kidnapped and raped which she responded to esp.,C-II, rape although it was an "uncharged act" at the time. Note very little was mentioned re: the CPO in question the focus was the new charges mainly.

At the end of the Preliminary Hearing, Judge L. Cook, Amended the Complaint to include as part of C-I, First Degree Kidnap for the Purpose of Rape, C-II. Even though Plainiff's Due Process Rights under Amend.,fifth, sixth & fourteenth had been violated.

However at **no point in time before arraingment and prelim hearing on dates referenced. Plaintiff Whiteley, was never read his (Miranda Rights-Warnings) on C-I or II, of new charges. Never had opportunity to have any actual investigation by counsel in to either charged alleged. Or was Plaintiff Whiteley, ever afforded a seperate Preliminary Hearing on C-II, rape period.**

PLAINTIFF CONTENDS THERE WAS NO KIDNAP OR RAPE PERIOD!

After the above-cited Plaintiff Whiteley was bound over to District Court for Trial on both above-referenced Count's.

May 29, 1991, approx 8A, was taken to Court I believe was the third time, the State & Court both hoping a Plea Agreement could be reached. Note at this point, C-II, rape was technically an uncharged act as it stood alone. However the Court went thru the motion's wanting to know how (then) Plaintiff Whiteley Plead to C-II, A. "Not Guilty" there was some reference briefly made to reaching a plea bargin, which Plaintiff Whiteley, advised Counsel Thompson, was not optional.

BRIEF-2

Thereafter the Court advised Plaintiff Whiteley to the effect, since you have Plead not Guilty to C-II, rape you know your trial begins today. The Jury will be advised that you entered a Plea of not Guilty on both Counts and we'll go to trial today, Judge Marvin M. Smith Presiding.

Approx 10AM, same date May 29, 1991, jury selection began lasting till about noon time. Court broke for lunch. Approx 1:30PM, trial began lasting thru May 31, 1991.

May 31, 1991, trial wrapped up in evening time just prior to 5Pm, went for dinner break then into jury deliberation's. Approx 9:30P, jury returned with a verdict of Guilty on C-I, First Degree Kidnap & C-II, Rape (Guilty) on both Count's. 9:47P, Court Adjourned.

Appeal filed by Counsel Thompson. Cite as 124 Idaho 261 (App.) Dkt No.19503. ID. Supreme Court.

## DISCUESSION OF APPEAL

In said Appeal there are afew very damaging-incriminating statements made in the opinion, which would lead any reasonable and prudent person's to believe the ID. Supreme Court its Justice's thereof. Actually knew more than they let it, giving actual guidance in their opinion without providing actual legal advice on what to do, those are as follows.

p.266[9]   "The fact that the CPO was not introduced into evidence at the **Suppression Hearing** does not invalidate the January 16, 1991, arrest, as Whiteley seems to imply."
    Analsis of:  It's as IF, the ID. Supreme Court is alluding to the fact, had the "CPO been Introduced Into Evidence At The Suppression Hearing" that the Outcome of the **Suppression hearing would have been different**. As in Dismissing the Charge's period.

p.266[9]   "Whiteley could have **Introduced the November CPO,** which theoretically may **have expired by its own terms before the Arrest."**
    Analsis of:   Its as IF the ID. Supreme Court is alluding to the fact, they **actually knew and had the CPO as evidence before them** and **knew it had Expired of its own terms before the Arrest** for allegedly violating said CPO. And ID. Supreme Court, going so far as to say w/out actually saying it, after above-cited statement, that the **CPO was Invalid... on Jan. 16, 1991, having Expired of its own terms before Whiteley's arrest.**

p.266[10]   "However the **transcript is not part of our appellate record. It is the burden of Whiteley as the appellant to furnish an adequate record on appeal.**"
    Analsis of:  Note, technically it was **Counsel for said Appellant, whose Burden it was to furnish an Adequate Record on Appeal.** Not the Appellant's because that is WHY Counsel Thompson was Appointed as **Counsel to represented him the Appellant, not the otherway around.** Note, that technically should constitute a claim of Ineffective Assistance of Counsel on Appeal violative of Plaintiff Whiteley's Sixth Amend.,rights.
    Technically the ID. Supreme Court Justice's are

BRIEF-3

alluding to the fact, had the "Transcript been Presented as Evidence into the Record on Appeal, (which it wasn't) but the outcome of said Appeal Dkt No.19503, could have been different favoring appellant.

Fruit of thought, since when did it become an appellant's or defendant's or petitioner's job to do the job of what their appointed-trained in law counsel's are being paid-compensated to do for us their client's.??

## JURISDICTION

Facts and Evidence conclusively shows that @ **11:59P.M. on the 6th day of February, 1990, the Civil Protection Order in question did technically expire-terminate of its own terms prior to the January 16, 1991, Arrest, Incarceration of Plaintiff Whiteley.** for him allegedly Violation the CPO in question.

Therefore based on such facts and evidence before the Court filed originally in this matter December 4, 2008. Shows-proves that ID. Falls Police Officer Jared D. Fuhriman was not only w/out "Jurisdiction" to had arrested and placed down in the jail Whiteley. Fuhriman was acting without any lawful authority and outside the color of law by doing so. He was w/out "authority" to have Placed In Custody Whiteley for this offence alleged. And w/out lawful authority to had conducted a search of Whiteley or to had questioned Whiteley, period. Because there can not be a crime or lawful arrest w/out first having had either an Effective Court Order-Warrent, which (non-existed on 1.16.1991) at time of arrest and incarceration.

Officer Fuhriman, was w/out "Jurisdiction" to have even responded to a call for such an an alleged violation of CPO, where there was NO active Court Order-CPO inplace period.

Plaintiff will go so far as to say, based on the facts, evidence before the Court. That January 16, 1991, IFPD Officer Jared D. Fuhriman, he did w/out authority or law, actually himself kidnap for the purpose of false and illegal imprisonment Whiteley, Plaintiff in this matter. Fuhriman's arrest and incarceration were both unlawful and illegal in the eyes of the law.

## VIOLATIONS OF WHITELEY'S

United States Const.,Rights guaranteed him. In this section Whiteley is outlining the clear violation's of his U.S.C.A.,Violation's as follows.

### AMEND 4

Unreasonable Search and Seizures. Violated by IFPD Officer Fuhriman, 16th JAN.,1991, when he conducted "Unreasonable Search of Whiteley, w/out authority of law. Seizure of Whiteley, w/out a lawful or legal court order in place. Upon an

BRIEF-4

illegal arrest.  Therefore, the contents alleged found in the Duffel Bag, being Stun Gun and Handcuffs, should be deemed items of an illegal search ans seizure of Whiteley's property and person.  Such items should be stricken as evidence based on the violation of Whiteley's 4th Amend.,U.S.C.A.,rights.   Violative of ID. Const.,Art.1.17.

AMEND 5

Criminal Actions-Provisions Concerning-Due Process Of Law And Just Compensation Clauses.  Because it's shown by the facts and evidence that IFPD Officer Fuhriman, he was w/out any lawful-legal authority to had arrested and jailed-incarcerated Whiteley.  this violated Whiteley's U.S.C.A.,Amend 5, rights to Due Process of Law, therefore depriving Whiteley of his life, liberty, property w/out due process of law. Therefore Whiteley's conviction's based on the facts and evidence.  Should be Vacated and thrownout based on this clear violation of Whiteley's Due Process of Law Violation's.

Whiteley is entitled too and should receive "just compensation" as results of violation of his Amend 5, Violation's.  Violative of ID. Const.,Art.1.13 too.

AMEND 6

Rights Of The Accused.  Based on the facts and evidence, clearly Whiteley's rights under his U.S.C.A.,Amend 6, were violated by depriving him of Due Process of law, where it violated his guaranteed right to a fair and impartial jury trial of right.  Which is also embraced in Amend 14 of Citizenship-Due Process of law-Equal Protection.  Amend 5, U.S.C.A.,all of which were violated by ID. State Goverment including but not limited to ID. Falls Police Officer J.D. Fuhriman & ID. Falls Police Dept.,Bonneville County, ID.  Also embracing Amend 1, where Whiteley's rights to Equal Protection of the Law were violated by the defendant's in this matter too.

Therefore Whiteley's 1991 Conviction's shouldn't only be Vacated but totally Set A Side and thrown out by this higher Court in the Administration of Justice in the Interest of Justice.

Discuession:  The Federal as State Constitution's are written and specifically intended to be followed equally by everybody.  This includes but not limited to Citizen's of the U.S.A.,but its all City, County, Goverment States Offical's and entitys thereof.  No place is it written or implied that City, County or State goverment's Offical's or Entitys are either excempt from following them to the letter of how they are written.  The same holds true equally for the Law's of the U.S.A.,and indavidual States as written, nobody is excempt from following them to the letter of the law.

BRIEF-5

Where the law itself be it state or federal becomes abusive of their authority, laws then it becomes abusive of the people of the U.S. of America its Citizen's hereof the same Country in one people.  Such abuses shall no be tolerated by any goverment or its offical's thereof esp.,where it violates or has violated the rights of any American Citizen thereof this country or the people inwhich it has deprived or denied said citizen's of their due process of laws, i.e.,said Plaintiff Whiteley, M.D.,in this matter.

    Plaintiff states:  He could but won't in this (Brief) will not recite or retype what was previously prepared in this December 4, 2008, original "Expedited Petition For Redress Of Grievances And Supporting Affidavit.  Because it would be both a waist of time for the Court and State in this matter. But is going to (attach) seperately the most applicable pages of the same reflecting page and line numbers of former testimony etc.,already cited in original pleading.
    In the instent matter pending before the Court, there is or should be little or no doubt whatsoever.  That based on the facts and evidence in originally filed action in this matter.  That the January 16, 1991, Arrest-Incarceration were both unlawful and illegal by former ID. Falls Police Officer Jared D. Fuhriman.  And the fact he acted without any legal authority outside the color of law to had arrested, jailed, searched and seized Plaintiff Whiteley.  For allegedly violating the alleged November 8, 1990, Civil Protection Order in question Ca. #.39833.  Onething that does not lie are the offical Court records in this matter and his testimony as well as former Counsel S.H. Thompson's his testimony re; his testimony of in his May/Jun.1995, Deposition, re: him not looking at or getting the Civil Protection Order's other records from the Magistrate Court.
    Which facts and evidence clearly shows, had Thompson retrived from the Magistrate Court & IFPD such legal documents from such entitys the case would never had made it past the even preliminary hearing or supression hearing stages period in the first place in 1991.
    This case is one that certainly begs for Justice to be done in the administration of justice for a correction of a terrible miscarriage of justice in 1991 Plaintiff ~~Whiteley~~ Whiteley, Michael D. case.

    In the instent matter Aug.1991, when Plaintiff Whiteley M.D.,was Sentenced.  He was sentenced to two felony counts C-I, First Degree Kidnap, I.C. § 18-4501, 4502, 4504(b) 12 Fixed to Life.  On C-II, rape I.C. § 18-6101, 6104, having **no prior felony record.**  This "terrible miscarriage of justice" came in to play technically January 16, 1991, when Plantiff was arrested (originally) for a (Misdemeanor) offence that never actually existed in the issue of the Civil Protection Order, which clearly was **not in effect** at time of arrest, incarceration which Whiteley should never had been arrested, jailed or charged with in the first place.
    However the biggest and most "terrible miscarriage of justice" come in to play when a single "misdemeanor" charge evolved in to two(2) felony count's neither one if Whiteley guilty of period.  But then to send Whiteley, the Plaintiff to prison for any amount of time period no less up to life for offences he did not commit has never waivered on his claims of actual innocence in the felony counts.  But based on a CPO that **was not in Effect on 16th January 1991.**  For Whiteley an **American Person-Citizen to have to go through and endure this kind of a terrible miscarriage of justice.  Why?, because former ID. Falls Police Officer Jared D. Fuhriman and**
BRIEF-6

**Idaho Falls Police Dept.,themselves did not either know or do their jobs correctly or had some lack of communication in the matter of the CPO in question.**

It's been said for hundreds of years quote: That "ignorance of the law is no excuse." Then ID. Falls Police, Office of Bonneville County Prosecutor's, State of ID.,in itself being the (law) as they claim with suppose to be (knowing the law).

THEY HAVE NO EXCUSE FOR THEIR IGNORENCE OF THE LAW:

In this Plaintiff Whiteley's case then. And they should be held accountable to the fullest extent of the law in this matter under the circumstances.

Plaintiff filed his December 4, 2008, action in an (**Expedited**) manner for the expressed reason. To be heard in the same fashion "Expedited" by the Court because of the terrible "miscarriage of justice" that has occur'd in his American Human Life. Plaintiff can only Hope and Pray in the **interest of justice** that his claim will be handled in such an "Expedited" fashion so Plaintiff does not have to go through or endure any more of this "terrible miscarriage of justice" in his American Human Life. He understands his case is not the only one pending before the Court and appreciates the Court is busy. But hopes the Court will take in to account his terrible circumstances and injustice and want to get it corrected in an expedited manner, thank you.

PRAYER FOR RELIEF:

Plaintiff Prays for the Court to grant the following relief in the interest of justice in this matter in the administration of the Court's business.

1   The Court would handle this matter in Expedited fashion to avoid further injustice or even the death of Plaintiff who is wrongfully imprisoned now over 18½ Yrs.

2   That the Court will handle this matter within the confines of the U.S. Const.,and Art.1.18.,of Idaho's Const. And that No Bill of Attainder be placed in this matter.

3   That if necessary a date be scheduled soon as possible for Evidentiary Hearing and/or Trial date to resolve this matter allowing Plaintiff to present Pro Se his case to the Court. And/or this Court issue Order of Reverse/Remand back to Dist.,Court for Retrial or someform of deal be immediately reached for resolution.

DATED this _14th_ day of _Jul_ ,2009.                    Respectfully

                                                          _M.D. Whiteley_
                                                          M.D. Whiteley

BRIEF-7

CERT OF MAILING

I CERTIFY this /0 /4 day of JUL, 2009, I did mail true full and correct copies of (attached) BRIEF, in Ca.#.08-533-S-EJL, via ISCI legal mail via U.S. Mail system upon the following partys:

Clerk of the Court,
U.S. Dist. Of Idaho
550 W. Fort St, MSC 039
Boise, ID.      83724                                                      U.S.MAIL

State Of Idaho A.G.'s
Office. P. Panther
Po Box 83720
Boise, ID.    83720-0100                                                   U.S.MAIL




                                                                  M.D. Whiteley

CERT/Brief-8

MICHAEL D. WHITELEY #34073
PLAINTIFF-PETITIONER
ISCI U 11 B 25A
Po Box 14
Boise, ID.          83707

Clerk of the Court @ U.S.
Dist. Court, ID. et.al.

7.9.09

**ORIGINAL**

U.S. COURTS

JUL 14 2009

Rcvd_____Filed_____Time_____
CAMERON S. BURKE
CLERK, DISTRICT OF IDAHO

　　Re: Case #.08-533-S-EJL, enclosed the (Brief) in this matter after having filed original pleading Dec.4th,2008.
　　For this record it should be noted that although not included in (Brief) etc.,the IDOC, has not had actual fuctioning Law Library's or necessary Law books i.e.,Pacific Reports, 2nd, 3rd Editon Federal Digest, State or Federal other Report's no Am-Jur law book's etc.  No Legal assistance, no way to access new case authority-law, no access to internet to access Nexis or Lexus law etc.
　　This is an issue, because without suchthings referenced just above no fuctional way can Pro Se Plaintiff-Petitioner ever Compete or be on the same **equal playing field or level as the State & Court's themselves do have.** They both have unbridled access to resources Plaintiff Whiteley can only imagine existing in the States Offices and Court's too.
　　Plaintiff says, he will **not be treated equally, fairly or objectively under these circumstances in this matter.** Will suffer (Prejudice) and goes so far as to predict.  The Court up on the urging of the State will either deny or (Dismiss) this matter pending before the Court.  Such Prjudice will occur in Violation of Plaintiff's 1st, 5th, 6th, 14th U.S.C.A,Rights guaranteed him and violative of ID. Const.,Art.1.13, 18 esp.
　　This action pending before the Court it is guaranteed to Plaintiff-Petitioner his first amendment right to Petition the Court for Redress Of Grievances.  And it has ben filed in an Expedited fashion by Plaintiff Whiteley.  Because it is a matter if not for what wrongfully-illegally occur'd in his case in 1991.  The Injustice, said Plaintiff Whiteley would not be imprisoned today.  Virtually begging-pleading for the Court to hear and act up on this action in an (Expedited) manner so he does not suffer any more Eighth Amend.,Violations of Cruel & Unusual Punishment, thank you.
　　　　　　　IS THERE ANY ACTUAL JUSTICE IN IDAHO FOR THE PLAINTIFF?

　　　　　　　　　　　　　　　　Respectfully
　　　　　　　　　　　　　　　　M.D. Whiteley

　　　　　　　　　　　　　　　　*[signature]*

LC/LP 160658/161079